IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2005

JOHN F. CORCORAN CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| RANDY A. VASS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:04-CV-00684 |
| | ) | |
| JOANNE B. BARNHART, | ) | By: Hon. Michael F. Urbanski |
| COMMISSIONER OF SOCIAL SECURITY, | ) |     United States Magistrate Judge |
|     Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Randy A. Vass brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and Social Security Income ("SSI") under Title II and XIV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.

In short, plaintiff contends that he suffers from disabling back pain and respiratory problems, but presents little to no medical evidence indicating that any of his problems are actually disabling. In his motion to reverse, plaintiff contends that he can only stand for 15-20 minutes and sit for 30 minutes before he has to walk around and that he has to lie down for periods of 30 to 60 minutes twice a day. However, the record contains no opinion from a medical doctor that plaintiff's condition requires such limitations, and the one x-ray test cited by plaintiff as corroboration of his subjective complaints contains the radiologist's impression that the x-ray showed only mild degenerative changes.

Having reviewed the record and after briefing and oral argument, it is recommended that the Commissioner's motion for summary judgment be granted as the Commissioner's decision is supported by substantial evidence and proper under the law.

## STANDARD OF REVIEW

The court's review is limited to a determination as to whether there is a substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan; 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## FACTUAL AND ADMINISTRATIVE HISTORY

Plaintiff was born on February 24, 1961 and attained a ninth grade education in special education classes. (Administrative Record, hereinafter "R.", at 13, 55) Plaintiff previously worked as a machinist for 25 years. (R. 91) Plaintiff filed an application for DIB and SSI on June 4, 2003, alleging that he became disabled on September 15, 2002, due to back pain, high blood pressure, anxiety, breathing difficulties, and left elbow discomfort. (R. 80-84, 90) Plaintiff's claims were denied initially and upon reconsideration. (R. 57-61, 66-68) An administrative law judge ("ALJ") held a hearing on April 29, 2004. (R. 26-54, 69) Following the hearing, the ALJ denied plaintiff's claims for DIB and SSI, finding that other work existed in the national economy that he could perform. (R. 9-20)

As examples of the type of occupations that plaintiff could perform, the ALJ pointed out that plaintiff could work as a cashier at the light or medium levels, a counter attendant at the light level, and a dining room cafeteria worker at the light level. (R. 20) The ALJ's decision became

2

final for the purposes of judicial review under 42 U.S.C. § 405(g) when the Appeals Council denied plaintiff's request for review. (R. 4-6) Plaintiff then filed this action challenging the Commissioner's decision.

Plaintiff's medical records show that he sought treatment from doctors for a number of medical conditions. Plaintiff treated with Vikas N. Chitnavis, M.D., for reflux. (R. 145) Dr. Chitnavis evaluated plaintiff's reflux problems with an endoscope and sigmoidoscope. (R. 145) On February 14, 2002, Dr. Chitnavis released plaintiff from his care and recommended that plaintiff only return on an as-needed basis. (R. 145)

On August 23, 2003, plaintiff visited William Humphries, M.D., a consultative physician. (R. 149) He made a number of clinical observations that suggest that plaintiff could function in his daily activities without difficulty. (R. 150-51) First, Dr. Humphries reported that straight leg raise testing was negative to ninety degrees bilaterally while sitting. (R. 150) Second, Dr. Humphries reported that plaintiff had a full range of motion in his extremities without tenderness, heat, swelling, or deformity. (R. 150) Third, Dr. Humphries reported that plaintiff was able to get on and off an examination table without difficulty. (R. 150) Fourth, Dr. Humphries reported that plaintiff adequately performed finger-to-testing. (R. 150) Fifth, Dr. Humphries reported that plaintiff displayed no tremors or involuntary movements; had a negative Romberg test; had a normal gait; and adequately performed fine manipulation, heel and toe walking, and tandem gait testing. (R. 150) Sixth, Dr. Humphries reported that plaintiff could bear weight on his legs, had normal strength in his extremities, and had no muscle wasting. (R. 150) Dr. Humphries reported that plaintiff's deep tendon reflexes were 2+ and equal in both upper extremities and 2+ and equal in his knees and ankles. (R. 150) Seventh, Dr. Humphries

3

observed no motor sensory loss in plaintiff's lower extremities. (R. 150) Finally, Dr. Humphries observed that while plaintiff's lungs had a few scattered rhonchi and some upper airway sounds, they were clear with equal breath sounds bilaterally. (R. 151)

On June 9, 2003, plaintiff had x-rays taken of his hips, knees, lumbar spine, and chest. (R. 178-79) X-rays of his hips and knees were essentially normal. (R. 179) The chest x-rays revealed chronic obstructive pulmonary disease ("COPD"). (R. 178) The lumbar spine x-ray showed that the L3-4 and L4-5 disc spaces are borderline and that there was minimal anterior interbody spurring at L4-5. The radiologist reported that he suspected that there was some facet degenerative change at L5-S1. Overall, his impression was of mild degenerative changes. (R. 178)

On September 17, 2003, Richard M. Surrusso, M.D., a state agency physician, reviewed plaintiff's medical records. (R. 169-76) Dr. Surrusso opined that plaintiff could occasionally lift / carry fifty pounts, frequently lift / carry twenty-five pounds, stand / walk for six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. (R. 170)

In his statements to the Agency and in testimony at the hearing, plaintiff discussed his daily activities. (R. 26-54, 107-15, 126-28) Plaintiff stated that despite discomfort, he still smoked a pack of cigarettes daily. (R. 42) Plaintiff stated that he did not have any difficulty driving unless he drove long distances. (R. 38) Plaintiff stated that he drove into town twice weekly to bathe. (R. 38) Plaintiff stated that on a typical day he watched television and went for walks, prepared his own breakfast and dinner, and paid bills, handled insurance claims and bank accounts without help. (R. 39) Finally, plaintiff stated that he visited his mother every other day. (R. 110)

4

## ANALYSIS

The only issue present in this case is whether substantial evidence supports the Commissioner's decision that plaintiff was not disabled. Under the Act, a claimant for disability benefits has the burden of proving that he cannot work. See 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H)(I); see also Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972) (noting that a claimant has the burden of proving his disability).

Having reviewed the record and applicable case law, the court reaches the inescapable conclusion that plaintiff has not met his burden of proving disability. Plaintiff states that his medical records confirm that he has been diagnosed with COPD and that the plaintiff suffers from anterior interbody spurring and other degenerative changes in his spine. (Pl. Mem. Supp. Mot. Summ. J. at 1-2.) It is clear under the regulations that mere diagnosis is not enough to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); Wagner v. Apfel, 1999 U.S. App. LEXIS (4th Cir. Nov. 16, 1999)

Additionally, plaintiff argues that he can only stand for 15-20 minutes and only sit for 30 minutes at a time before he must get up and walk around and that he must lie down twice a day for periods of a half hour to an hour. (R. 37-38) There are no medical opinions supporting these limitations: Dr. Humphries examination of plaintiff produced relatively normal findings and no doctor testified that plaintiff needs to walk during the day or take naps. The only evidence of these limitations in the record is plaintiff's testimony.

It appears that the ALJ evaluated plaintiff's complaints regarding this pain properly. An ALJ evaluates the "intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." See Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). The ALJ

considered the objective medical evidence of pain, medical treatments taken to alleviate the pain, specific descriptions of pain, and the claimant's activities. See 20 C.F.R. §§ 404.1529(c) and 416.929(c).

Here, the ALJ noted that while an impairment such as plaintiffs can be expected to produce some pain, here, plaintiff's impairment was not disabling for a number of reasons. First, the ALJ noted that plaintiff indicated that his back pain improved after he stopped working on concrete. (R. 16) He additionally noted that the claimant's daily activities – among them, preparing simple meals, playing with his grandchildren on the floor, and watching television – were inconsistent with those of someone suffering from disabling pain. (R. 16) The ALJ noted that plaintiff had not seen a doctor for more than a year. (R. 16)[1] The ALJ is entitled to consider all of this information under the regulations. See 20 C.F.R. §§ 404.1529(c) and 416.929(c) (discussing information the ALJ is permitted to consider in evaluating a claims of disabling pain).

At oral argument on July 28, 2005, counsel for plaintiff argued that the x-ray of July 9, 2003 provided sufficient corroboration of his subjective limitations, and that plaintiff's description of his activities of daily living indicated that he would perform certain activities for a only a brief period of time. As such, plaintiff argued that his activities of daily living are consistent with his claimed limitations.

The Commissioner countered by noting that plaintiff's treatment history for his complaints was minimal, that the only objective medical evidence, the July 9, 2003 x-ray,

---

[1]At oral argument, plaintiff pointed out that while it is true that plaintiff had not seen a doctor within a year of the August 9, 2004 date of the ALJ's decision, he had sought treatment within a year of the April 29, 2004 administrative hearing.

6

showed only mild degenerative changes, and that the physical limitations offered by plaintiff were inconsistent with the results of Dr. Humphries' extensive examination and testing on August 23, 2003.

Given the deferential standard of review provided under 42 U.S.C. § 405(g), the court agrees with the position of the Commissioner that substantial evidence supports the conclusion that plaintiff was not disabled as defined under the Social Security Act. See Pierce v. Underwood, 407 U.S. 552, 565 (1988); King v. Califano, 559 F.2d 597, 599 (4th Cir. 1979). The only objective evidence in the record is the July 9, 2003 x-ray, which reflects only mild degenerative changes, and nothing in Dr. Humphries examination and report supports the limitations suggested by plaintiff. The ALJ's decision is clearly supported by substantial evidence, and defendant's motion for summary judgment is granted.

## CONCLUSION

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. The Clerk is directed to send certified copies of this opinion to all counsel of record.

Enter this _1st_ day of _August_, 2005.

Michael F. Urbanski
United States Magistrate Judge